## GIBSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 5984.

Circuit Court of Appeals, Third Circuit.

May 18, 1936.

Earl F. Reed, C. M. Thorp, Jr., John E. Laughlin, Jr., and Thorp, Bostwick, Reed & Armstrong, all of 'Pittsburgh, Pa., for petitioner.

Maurice J. Mahoney and Sewall Key, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this tax case the facts are undisputed, and the question involved is the legal liability of the taxpayer. The pertinent facts are as follows: Though the taxpayer, Addison H. Gibson, was president and director of the Gibson-Zahniser Oil Corporation, hereafter called Zahniser, he owned no stock therein and devoted very little time to its affairs, Dickson being the manager thereof.

All of Zahniser's preferred and two-thirds of its common stock was owned by the Galvez Oil Corporation, hereafter called Galvez, and the remaining third of the common stock was owned by Dickson. Gibson was the principal stockholder of Galvez.

Both Gibson and Dickson were indebted to Zahniser; Gibson owing $21,204.75 and Dickson $47,082.60. Dickson was insolvent. One James, who was Gibson's private secretary and a director of Zahniser, knowing that Dickson was insolvent and it was useless to carry the account on the books, thought it was advisable to charge off both Gibson's and Dickson's accounts on the books and accordingly proposed, and had passed by Zahniser's board, the resolution following: "Resolved that the indebtedness of Addison H. Gibson and J. H. Dickson to this Company as of December 31, 1931, be hereby cancelled, the Company taking this action merely to benefit the said debtors and without any consideration cancelling the said debts."

At the time this resolution was passed, Zahniser was insolvent, and therefore not able to pay any dividends. Of its $144,-224.28 accounts payable, it owed Galvez $143,609.82. It is therefore clear that, if Gibson paid his $21,204.75 to Zahniser, he was in fact paying himself, for Zahniser was bound to pay it to Galvez and Galvez would pay it to Gibson. In other words, his charge-off was not a benefit to Gibson, but simply a collection by him of his own money. It was in no sense a dividend; it took the form of a gift in the resolution; but it in no way increased Gibson's assets or constituted dividend or income. Taking the transaction as a whole—and that is clearly the fair way to consider it—no financial benefit came to Gibson as a result of the gift. Such holding is in line with article 16 of Regulation 74, which says: " * * * If, however, a creditor merely desires to benefit a debtor and without any consideration therefor cancels the debt, the amount of the debt is a gift from the creditor to the debtor and need not be included in the latter's gross income."

In this case Gibson had performed no service and gave no consideration for the forgiveness of his debt. That the resolution was purely a gift to Dickson is plain, and, that being its effect on Dickson, there is no ground for holding it otherwise in Gibson's case. So holding, the judgment is reversed and the case remanded to the Board of Tax Appeals for procedure in due course.